### SEMPLE & AL, vs. BUHLER.

APPEAL from the court of the third district.

MATTHEWS, J. delivered the opinion of the court. This suit is brought to recover from the defendant, reparation for damages which the plaintiffs alledge that they have sustained, in consequence of his negligence and malfeasance, as sheriff of the parish of East Baton Rouge. Judgment was given for them in the

A plaintiff does not lose his claim on a sheriff who has taken a 12-months' bond without proper surety by receiving the bond and attempting to procure the money. Nor by failing to oppose the rightful claim of a third party.

SEMPLE &
AL.
vs.
BUHLER.

court below, from which the defendant appeal-ed.

The pleadings and facts of the case as exhi-bited on the record shew, that the present plaintiffs had obtained a judgment against one Robert Lawes, on which a *fi fa* issued and came into the hands of the defendant to be executed by him, in his capacity of sheriff aforesaid; that in virtue of the writ, he seized certain slaves as being the property of Lawes, which were finally sold (in pursuance of law) on a credit of twelve months, and at the sale thus made the defendant in execution became the purchaser, and gave his wife as surety in the twelve months bond, who was accepted by the sheriff. Subsequently the wife of Lawes obtain-ed against her husband a decree of separation of goods, and judgment for the amount of her claims on his estate.

When the twelve months bond taken as above stated, was about to be executed, and the property therein mortgaged was seized, Mrs. Lawes claimed it as her own, and obtained an injunction, prohibiting the sale thereof: in the suit for the injunction, the present plaintiffs were made defendants and cited, but did not appear or make any defence.

**F**rom these facts the counsel for the appellee
induces four objections to the correctness of

the judgment rendered by the district court.

1. That the plaintiffs ratified the act of the defendant in taking the security, by issuing execution on the twelve months bond.

2. The damage (if any,) arose out of their default, in not appearing to the suit of injunction.

3. No damage has been sustained--as Lawes was wholly insolvent when execution issued against him, and his property was covered by his wife's tacit mortgage.

4 Prescription against the plaintiffs claim.

In relation to the last of these objections, it suffices to observe, that prescription has not been regularly pleaded; but if it had been, we believe that the prescription of one year relied on, could not be legally supported.

The first objection cannot avail the defendant. The real ground for the plaintiff's action against the sheriff, is a failure on his part to take any security on the twelve months bond. Receiving the wife of the purchaser as security was equivalent to taking none, as she by such an act could not be legally bound. The officer would, probably, have been immediately

Eastern Dist.
Feb'ary 1828.

SEMPLE    &
   AL.
   vs.
BUHLER.
responsible to the plaintiffs in execution for that neglect of duty. Their indulgence to him in endeavouring to obtain satisfaction of the judgment, by issuing an execution on the bond, imperfect as it was, cannot on any sound principles of justice, be made to prejudice their claim for remuneration in damages against the appellant on account of neglect of duty, for which he is legally held responsible.

If this reasoning in opposition to the first objection be correct, it refutes also the second; for the failure of the plaintiffs to appear and contest the right of property in the injunction case with Mrs. Lawes, could not destroy their claim against the defendant, which rests on his neglect in not taking security in the twelve months bond.

As to the third, the evidence does not shew that Robert Lawes was wholly insolvent at the time the execution against his property came into the hands of the appellant. The case may be hard on the defendant, but we believe has been adjudged according to law by the court below.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

Eastern Dist.
Feb'ary 1828.

*Preston* for the plaintiff, *Watts* for the defendant.